

ALASKA REGIONAL OFFICE | ANCHORAGE
310 K STREET, SUITE 508
ANCHORAGE, AK 99501
T: 907.277.2500
F: 907.277.1390

June 4, 2025

**VIA ACMS**

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

**Re:** *Center for Biological Diversity et al. v. Bureau of Land Management et al.*, No. 23-3624 (consolidated with No. 23-3627). Appellants' response to ConocoPhillips Alaska Inc.'s ("ConocoPhillips") letter regarding *Seven County Infrastructure Coalition v. Eagle County*, No. 23-975, slip op. (May 29, 2025).

Dear Ms. Dwyer,

Appellants disagree that *Seven County* undermines their arguments that Appellees failed to appropriately analyze alternatives and that this error warrants vacatur. They agree that the opinion undermines their argument that Appellees violated the National Environmental Policy Act ("NEPA") by failing to assess impacts from future oil development projects caused by Willow, Dkt. 46.1 at 27-33, and Appellants respectfully withdraw their appeal of this issue.

*Seven County* affirms core principles underlying longstanding NEPA jurisprudence. Slip. op. at 8-15. It reaffirms that the "arbitrary-and-capricious" standard under the Administrative Procedure Act—focusing on whether the agency decision was "reasonable and reasonably explained"—controls in NEPA cases. *Id.* at 9. A court's role is limited, but it must nonetheless "confirm that the agency has addressed environmental consequences and feasible alternatives as to the relevant project." *Id*. This is consistent with the standard parties cite in their briefs. Dkt. 46.1 at 14-15; Dkt. 104 at 22-23.

While *Seven County* affirms "[b]lack letter administrative law" that courts should be most deferential when it comes to an agency's "speculative assessments or predictive or scientific judgments," slip. op. at 11, this principle is inapplicable to Appellants' alternatives claim. Appellees unlawfully constrained their alternatives analysis based on an erroneous interpretation of the Naval Petroleum Reserves Production Act, the statute governing their decision, namely that it required them to allow ConocoPhillips to extract all economically viable oil from its leases. Dkt. 46.1 at 17-18. This is an incorrect interpretation of law, not any application of predictive or scientific judgment.

*Seven County*'s discussion of remedy for NEPA violations, slip. op. at 14, is likewise consistent with the standard cited by parties here. It describes that a NEPA violation may not necessarily require vacatur, particularly when the agency is unlikely to make a different decision following remand. *Id.* Appellants argued that the fundamental flaws here make it likely the agency would change its mind following remand. Dkt. 46.1 at 56-57. ConocoPhillips argued the opposite. Dkt. 115.1 at 65-66.

Sincerely,

Erik Grafe